People v Rivera (2024 NY Slip Op 04832)

People v Rivera

2024 NY Slip Op 04832

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Ind No. 1453/18 Appeal No. 2688-2689 Case No. 2019-05303 2020-00574 

[*1]The People of the State of New York, Respondent,
v
Manuel Rivera, Defendant-Appellant. The People of the State of New York, Respondent,

Mark S. DeMarco, New York, for Manuel Rivera, appellant.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for Antonio Rodriguez Hernandez Santiago, appellant.
Darcel D. Clark, District Attorney, Bronx (Reva Grace Phillips of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered October 11, 2019, convicting defendant Santiago, after a jury trial, of murder in the first degree, murder in the second degree, gang assault in the second degree, and conspiracy in the second degree, and sentencing him to an aggregate prison term of 25 years to life, unanimously modified, on the law, to the extent of vacating defendant's conviction of murder in the first degree, dismissing that count of the indictment, and otherwise affirmed.
Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered October 11, 2019, convicting defendant Rivera, after a jury trial, of murder in the first degree, murder in the second degree, gang assault in the second degree, and conspiracy in the second degree, and sentencing him to an aggregate prison term of 23 years to life, unanimously modified, on the law, to the extent of vacating defendant's conviction of murder in the first degree, dismissing that count of the indictment, and otherwise affirmed.
On June 20, 2018, the leaders of two subsets of the Bronx Trinitarios gang directed their members to seek out and attack the members of a third subset, the Sunsets, with whom hostilities had developed. Defendants Rivera and Santiago were among the group of approximately a dozen gang members who set out to find and attack Sunset members. When the group came across 15-year-old Lesandro Guzman-Feliz, known as Junior, they mistakenly believed he was a Sunset member, and chased him, dragged him out of a bodega and onto the street, where more gang members, some armed with knives and one with a machete, stabbed him repeatedly. The puncture wounds, cuts, scrapes, and blunt force injuries sustained by the victim as a result were all "superficial," a medical term describing an injury to the top layer of the skin. Codefendant Estrella delivered the fatal blow, stabbing Junior in the neck with a large knife that was the sole cause of his death. The entire attack was captured on surveillance video.
Pursuant to People v Estrella (41 NY3d 514 [2024]), in which the Court of Appeals concluded that the evidence was legally insufficient to prove codefendant Estrella's guilt of murder in the first degree, Rivera and Santiago's convictions of that crime must likewise be vacated.
However, we find that the evidence was legally sufficient to prove defendants' guilt of murder in the second degree and conspiracy in the second degree, and that the verdict on those counts was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). After their leader ordered the gang members to "[g]o after Sunset," both defendants, armed with knives, participated in the brutal gang attack on Junior. Based on defendants' violent actions as depicted in the surveillance video, the jury reasonably inferred that the gang members were acting in concert, and intentionally killed Junior in furtherance of their plan to seek vengeance against [*2]a Sunset member.
The court providently exercised its discretion in precluding defendant Rivera's proffered expert testimony regarding adolescent brain development (People v Anderson, 36 NY3d 1109, 1110-1111 [2021]). The issue of intent, and Rivera's ability to form that intent as an 18-year-old, was not beyond the ken of the jurors, and counsel's belated application, made one month into the lengthy trial and close to the completion of the People's case, would have caused unnecessary delay.
We perceive no basis for reducing defendant Santiago's sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024